UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MIGUEL ANGEL AGUILAR-CHAVEZ,<br><br>Defendant. | No. 1:13-cr-00218-DAD-BAM<br><br>ORDER GRANTING GOVERNMENT'S REQUEST TO SEAL DOCUMENTS<br><br>(Doc. No. 264) |

This matter is before the court on the government's unopposed request to file two of its exhibits under seal pursuant to Local Rule 141. (Doc. No. 264.) In addition to the government's notice of request to seal, which is publicly filed on the court's docket, the government has also separately provided the court with the documents it seeks to file under seal. (*See id.*) The court has reviewed those documents in considering the unopposed request to seal, and for the reasons explained below, will grant the request to seal in its entirety.

"Under the [F]irst [A]mendment, the press and the public have a presumed right of access to court proceedings and documents." *Oregonian Publ'g Co. v. U.S. Dist. Ct. for the Dist. of Oregon*, 920 F.2d 1462, 1465 (9th Cir. 1990); *see also United States v. Smith*, No. 2:11-cr-00428-GEB, 2013 WL 2286262, at *1 (E.D. Cal. May 23, 2013). Nonetheless, this presumed right may be overcome where "closure is essential to preserve higher values and is narrowly tailored" to serve an "overriding right or interest." *Press-Enterprise Co. v. Superior Ct. of Cal., Riverside*

1

*Cnty.*, 464 U.S. 501, 510 (1985).  More specifically,

> [d]ocuments in a criminal matter may be closed to the public only if "(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest."

*United States v. Patterson*, No. 1:19-cr-00230-DAD-BAM, 2020 WL 6151969, at *1 (E.D. Cal. Oct. 20, 2020) (quoting *Oregonian Publ'g Co.*, 920 F.2d at 1466)).

In this case, the government requests the court's permission to file under seal:  (1) Government Exhibits C-9 and G in support of its opposition to the pending motion to dismiss the indictment filed by defendant Miguel Angel Aguilar-Chavez ("defendant Aguilar") (Doc. No. 233), and (2) its request to seal.  (Doc. No. 264 at 1.)  The government argues that Government Exhibits C-9 and G, as well as its request to seal those exhibits, should be filed under seal because these documents contain "personal identifying information that should be protected."

Government Exhibit C-9 consists of United States Marshals Service ("USMS") records reflecting law enforcement activity with respect to gathering information about defendant Aguilar, while Government Exhibit G consists of state tax records pertaining to defendant Aguilar.  These exhibits contain repeated and consistent mentions of personally identifying information about defendant Aguilar, including, *inter alia*, his social security number, address information, FBI number, driver's license number, and birth record identification number.  In addition, the court notes that Government Exhibit C-9, as well as the government's pending request to seal, contain information pertaining to law enforcement systems utilized in the effort to apprehend fugitive defendants.

Accordingly, the court grants the government's request to seal these documents (*see* Doc. No. 264) due to the sensitive information contained therein.  *See United States v. Bradley*, No. 2:14-cr-00293-KJM, 2020 WL 3802794, at *7 (E.D. Cal. July 7, 2020) (granting requests to seal exhibits containing "sensitive medical records in which defendant has a compelling privacy interest"); *Patterson*, 2020 WL 6151969, at *1 (finding that preventing the disclosure of a defendant's private medical information was a compelling interest that warranted the sealing of documents).

1 | The government is directed to provide an electronic copy of the documents to be sealed to the Clerk of the Court by email at ApprovedSealed@caed.uscourts.gov within fourteen (14) days of the entry of this order, at which time the Clerk of the Court will file the documents under seal. *See* Local Rule 141(e)(2)(i).  Access to the sealed documents shall be limited to the government and counsel for defendant Aguilar.

IT IS SO ORDERED.

Dated:   **September 23, 2022**

*[signature: Dale A. Drozd]*
UNITED STATES DISTRICT JUDGE